**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANTHONY A. SCOTT,**

    Petitioner,

    v.

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

    Respondent.

Case No. 2:17-cv-0053
JUDGE ALGENON L. MARBLEY
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (Doc. 1), Respondent's *Return of Writ* (Doc. 7), Petitioner's *Reply* (Doc. 8), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### Facts and Procedural History

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> On May 4, 2012, under case 2012–CR–00244, Appellant Scott was indicted in Licking County on counts of felony possession of cocaine, attempted murder, felonious assault, trafficking in cocaine with a juvenile specification, and one count of misdemeanor possession of drug paraphernalia. Additionally, appellant was indicted on several attendant firearm and forfeiture specifications.
>
> On May 18, 2012, appellant was additionally indicted under case number 12–CR–00280 for having weapons while under a disability. The indictments were then consolidated by the trial court.
>
> On April 30, 2013, appellant appeared before the trial court for a change of plea hearing. At this hearing, in exchange for appellant's plea, the State agreed to dismiss the firearm specifications

associated with Counts I through IV and make a jointly recommended sentence of twelve years. Appellant agreed to withdraw his previously entered not guilty pleas, to enter *Alford* pleas to the remaining counts, and withdraw his pending motion to dismiss and to suppress.

Following a plea colloquy, the trial court accepted appellant's *Alford* pleas. The trial court thereupon sentenced appellant under case 2012–CR–00244 to a four-year prison term on Count I, a five-year prison term on Count II, a one-year prison term on Count IV, and a thirty-day jail sentence on Count V. The court merged Counts II and III for sentencing. Appellant was also sentenced to three years in prison under case 2012–CR–00280. The trial court ordered all counts to run consecutively. Appellant was granted 370 days of credit towards his sentence. The court also issued, *inter alia*, post release control orders in each case.

Appellant then filed a direct appeal to this Court, raising issues of speedy trial rights, manifest weight of the evidence, and sufficiency of the evidence.

*See State v. Scott*, 5th Dist. Licking No. 13–CA–45, 2014–Ohio–456 ("*Scott I*"). In our decision issued February 7, 2014, we overruled the assigned errors based on our conclusion that appellant had waived said claims via his *Alford* guilty pleas. The Ohio Supreme Court did not accept jurisdiction to hear his requested appeal from our decision. *See State v. Scott*, 142 Ohio St.3d 1519, 33 N.E.3d 66, 2015–Ohio–2341.

On August 31, 2015, appellant filed a motion for post-conviction relief in the trial court, alleging that trial counsel was ineffective for advising him to enter his *Alford* pleas. Appellant attached his own affidavit in support of the petition.

On October 12, 2015, the trial court denied appellant's post-conviction petition, finding it to be untimely and inadequately supported by the attached evidence.

Appellant filed a notice of appeal as to each of the two trial court case numbers on October 26, 2015. He herein raises the following sole Assignment of Error:

"I. TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT FAILED TO HOLD A HEARING PURSUANT TO R.C. 2953.21 AND FAILED TO VACATE THE JUDGMENT OF CONVICTION FOR REASON THAT TRIAL

COUNSEL WAS INEFFECTIVE WHEN COUNSEL GAVE INCORRECT LEGAL ADVICE THAT INDUCED DEFENDANT TO ENTER A[N] UNKNOWINGLY [SIC], INVOLUNTARILY [SIC], AND UNINTELLIGENT AFFORD [SIC] / NO CONTEST PLEAS [SIC]."

*State v. Scott*, Nos. 15 CA 81, 15 CA 82, 2016 WL 3365756, at *1-2 (Ohio App. 5th Dist. June 15, 2016) (footnotes omitted). As noted *supra*, the state appellate court refused to address the merits of Petitioner's claims that he was denied his right to a speedy trial, that his convictions were against the manifest weight of the evidence, and that the evidence was constitutionally insufficient to sustain his convictions, reasoning that Petitioner had waived those claims when he pleaded guilty:

> We shall address all three of Appellant's assignments of error together as we find their resolution is controlled by the same legal principle.
>
> At the outset we must resolve what plea Appellant entered. Though not specifically identified as such in his brief to this Court, Appellant maintained during oral argument he entered *Alford* "no contest" pleas. While this Court is quite familiar with an *Alford* guilty plea, in the 70 plus collective years of this panel's experience on the bench, we have never before heard of an *Alford* "no contest" plea.
>
> Appellant maintains the two plea forms he executed demonstrate he entered an *Alford* no contest Plea. Upon our review of the original forms, we find it plausible Appellant intended to do so, although any intent is difficult to determine based upon the numerous interlineations of printed plea types; circlings of plea types; apparent attempts to retract some circlings; handwritten arrow symbols; handwritten "Alford Guilty" and "Guilty"; and two additional separate sets of Appellant's handwritten initials near the area where all of the above changes were made to each of the two plea forms. The motion is further clarified/muddled by the use of two different colors of ink. While we believe the plea forms arguably support Appellant's claim he intended to enter an *Alford* no contest plea, we have no uncertainty as to what plea he actually entered during the change of plea hearing.

> We have reviewed the transcript and find the prosecutor specifically states the defendant will be entering an *Alford* guilty plea on three separate times (Tr. at p. 6). Subsequently, while engaging Appellant in a colloquy regarding the rights he was waiving, the trial court specifically identified the plea as an *Alford* guilty plea on three separate occasions. (Tr. at p. 10, 12, and 19). At no time during the sentencing hearing did Appellant or his counsel ever correct the prosecutor or trial court, or assert a misunderstanding as to the type of plea being entered.
>
> And of even greater significance is the fact the trial court's Judgment Entry unequivocally states it accepted Appellant's "Alford plea of Guilty."
>
> Based on the foregoing, this court finds Appellant entered *Alford* guilty pleas to the charges.
>
> "By Entering an *Alford* plea the defendant waives review of all alleged errors, except those errors that may have affected the entry of the plea." *State v. Baker* (7th District), 2013–Ohio–862.2 This Court specifically held in *State v. Tucker* (5th District), 2008–Ohio–4986, the entering of an *Alford* plea has "the effect of waiving [a defendant's] right to appeal from the denial of his speedy trial motion." *Id*., at ¶ 10.3. Because a guilty plea waives a defendant's right to challenge the sufficiency or weight of the evidence and an *Alford* plea has the same legal effect as a guilty plea, we find the Appellant has also waived those claims herein. *See, State v. McCann* (4th District) 2011–Ohio–3339, at 21: Kline, J. concurring.
>
> Appellant's three assignments of error are overruled.

*State v. Scott*, No. 13-CA-45, 2014 WL 545968, at *2-3 (Ohio App. 5th Dist. Feb. 7, 2014). On

On June 15, 2016, the appellate court affirmed the trial court's dismissal of Petitioner's post conviction petition as untimely because it was filed approximately 800 days late. *State v. Scott*, 2016 WL 3365756, at *2. On November 9, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Scott*, 147 Ohio St.3d 1437 (Ohio 2016).[1]

---

[1] On February 27, 2015, the appellate court denied Petitioner's application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), in which he claimed that he was given incorrect legal advice resulting in an invalid plea. The appellate court stated:

On January 17, 2017, Petitioner filed this *pro se Petition*.[2] He asserts as follows:

> Petitioner's Alford no contest plea[] was entered upon incorrect legal advice, thus not knowingly, intelligently or voluntarily entered.
>
> Counsel advised Petitioner to make a[n] Alford no contest plea so Petitioner would not waive his right to challenge the violation of his right to a speed[y] trial, manifest weight argument and sufficien[cy of] evidence. Petitioner[] followed counsel[']s advice and entered what he thought was a plea that [en]abled him to present his arguments on appeal. He never thought his arguments would be waived.

Respondent contends that Petitioner's claim has been waived and is without merit.

**Procedural Default**

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims must first present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.;Anderson v. Harless,* 459 U.S. 4, 6, 103 (1982) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)).

---

> [S]uch claims are outside the appellate record. Accordingly, appellate counsel would not have been ineffective for failing to raise such claim on direct appeal. This Court's finding Appellant entered an *Alford* guilty plea still controls the disposition of Appellant's direct appeal. Appellant's potential relief, if any, is through post-conviction relief proceedings or a motion to withdraw his plea pursuant to Crim. R.32.1.

*Judgment Entry* (Doc. 7-1, PageID# 248). On June 24, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *Entry* (Doc. 7-1, PageID# 263).

[2] On April 5, 2016, this Court dismissed Petitioner's prior § 2254 petition, without prejudice, as unexhausted. *Scott v. Warden, Noble Correctional Institution*, Case No. 2:15-cv-2638 (S.D. Ohio Apr. 5, 2016).

5

However, where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas[.]" *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" describes the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State such that the State has not had a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. One aspect of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. This means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case – that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by a petitioner's failure to observe a state procedural rule. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely

to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

As to the fourth part of the Maupin analysis, in order to establish cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Id.* at 452 (quoting *Murray,* at 479). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, the petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards,* at 450–51.

If, after considering all four factors of the *Maupin* test, a court concludes that a procedural default occurred, the court must not consider the merits of the procedurally defaulted claim unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in

a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray,* 477 U.S. at 495–96).

Petitioner raised the same claim he raises this case in state post conviction proceedings; however, the state appellate court dismissed those proceedings as untimely:

> In his sole Assignment of Error, appellant essentially maintains the trial court erred in denying his post-conviction petition without conducting a hearing, where he has asserted that he believed at trial he was entering an *Alford* "no contest" plea. We disagree.
>
> We first note the pertinent jurisdictional time requirements for a post-conviction petition (not involving a death sentence) are set forth in R.C. 2953.21(A)(2) as follows: "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal."
>
> In order for a trial court to recognize an untimely or successive post-conviction petition pursuant to R.C. 2953.23(A)(1), both of the following requirements must apply:
>
> "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
>
> A court has no jurisdiction to hear an untimely petition for post-conviction relief unless the movant meets the requirements in R.C.

2953.23(A). *State v. Demastry*, 5th Dist. Fairfield No. 05CA14, 2005–Ohio–4962, ¶ 15.

In the case *sub judice*, we note the transcript in appellant's direct appeal (*Scott I*) was filed on June 25, 2013. Appellant filed his post-conviction motion on August 31, 2015, nearly eight-hundred days later, well past the aforementioned statutory deadline of three-hundred sixty-five days. Despite this, having reviewed the record and the pertinent briefs, we find appellant completely fails to demonstrate compliance with the untimeliness requirements of R.C. 2953.23(A)(1). *Cf. State v. Sturkey*, 5th Dist. Muskingum No. CT2006–0087, 2007–Ohio–5701, ¶¶ 11–18. Furthermore, although it is probably an academic observation at this point, we have previously concluded: " * * * [I]t is questionable that the 'constitutional error at trial' criterion of R.C. 2953.23(A)(1)(b) can be met where the defendant seeking PCR relief [sic] was convicted pursuant to a guilty plea, not as a result of a trial." *State v. Pepper,* 5th Dist. Ashland No. 13 COA 019, 2014–Ohio–364, ¶ 26.

In regard to appellant's claim of deprivation of a hearing, we note [that a] trial court's decision regarding whether or not to conduct an evidentiary hearing in post-conviction matters is governed by the standard of abuse of discretion. *State v. Bocook*, 5th Dist. Muskingum No. CT2015–0025, 2015–Ohio–3996, ¶ 22, citing *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134. Furthermore, some Ohio courts have held that a hearing on the merits of a post-conviction petition is unnecessary where the petition was not timely filed. *See, e.g ., State v. Goings,* 6th Dist. Lucas No. L–15–1063, 2016–Ohio–544, ¶ 11; *State v. Foster,* 10th Dist. Franklin No. 09AP–227, 2009–Ohio–5202, ¶ 8.

However, in the interest of justice, we make the following observations. In our decision on appellant's direct appeal, we stated: "While we believe the plea forms arguably support Appellant's claim he intended to enter an *Alford* no contest plea, we have no uncertainty as to what plea he actually entered during the change of plea hearing. [The transcript reveals] the prosecutor specifically states the defendant will be entering an *Alford* guilty plea on three separate times. * * * At no time during the sentencing hearing did Appellant or his counsel ever correct the prosecutor or trial court, or assert a misunderstanding as to the type of plea being entered." *Scott I* at ¶¶ 15–16. We then concluded that appellant had entered *Alford* guilty pleas to the charges. *Id*. at ¶ 18.

Appellant presently seeks to convince us otherwise by directing us to the affidavit in support of his PCR petition, wherein he averred

> *inter alia* that he entered his plea on April 30, 2013 "on the mistaken belief that I was actually entering a [sic] Alford No Contest" and that "[h]ad I known that the Alford plea I entered would prevent me from challenging my conviction I would not have entered a [sic] Alford plea and chose to pursue a plea that would not prevent a challenge to my conviction on appeal, such as a No Contest Plea." *See Petition for Post–Conviction Relief*, August 31, 2015.
>
> Nonetheless, a defendant advancing a post-conviction petition is required to present evidence which meets a minimum level of cogency to support his or her claims. *See State v. Amstutz*, 5th Dist. Stark No.2000–CA–00047, 2001 WL 46324, citing *State v. Cole* (1982), 2 Ohio St.3d 112, 115. A petitioner's self-serving affidavit generally does not meet his or her minimum level of cogency. Id., citing *State v. Kapper* (1983), 5 Ohio St.3d 36, 38. Accordingly, upon review, we find no abuse of discretion, under the present circumstances, in the trial court's decision to rule upon appellant's PCR petition without holding a hearing.
>
> Appellant's sole Assignment of Error is therefore overruled.
>
> For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.

*State v. Scott,* 2016 WL 3365756, at *2-3. In view of the appellate court's decision affirming the trial court's dismissal of Petitioner's post conviction petition as untimely, this Court concludes that Petitioner has procedurally defaulted the off-the-record claim that he now presents for review in these proceedings. *See, e.g., Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014) (the petitioner procedurally defaulted his claim by failing to file a timely petition for post conviction relief); *Foster v. Warden, Chillicothe Correctional Inst.,* 575 Fed.Appx. 650 (6th Cir. 2014) (same). Moreover, any alternative ruling on the merits by the state appellate court did not forgive the waiver or otherwise revive the claim for purposes of habeas corpus review. *See Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding."); *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir.

2003) (where state court's dismissal of claim on merits constitutes an alternative holding, federal habeas court will consider the claim procedurally defaulted).

Petitioner may still secure review of the merits of these claims if he can demonstrate cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. "[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). However, a petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 498. Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). As cause for this procedural default, Petitioner states that his appellate attorney failed to advise him of the time constraints for filing a petition for post conviction relief, and that he did not learn about the possibility of filing a post conviction petition until February 27, 2015, when the appellate court denied his Rule 26(B) application. *Petitioner's Response to Respondent's Answer/Return of Writ* (Doc. 8, PageID# 436-37.)

Where "the initial-review collateral proceedings is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial," the inadequate assistance of counsel in those proceedings may serve as sufficient cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 9-11 (2012); *see Hodges v. Colson*, 727 F.3d 517, 530-31 (6th Cir. 2013). Therefore, a federal habeas court may find cause sufficient to excuse a petitioner's procedural default

> [w]here (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being

> "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." *Martinez, supra,* at [13-14, 17].

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013). Additionally, an attorney's failure to provide his client with relevant information regarding the filing of a petition for post conviction relief may constitute cause for a petitioner's failure to pursue a timely post conviction petition. *Gunner v. Welch*, 749 F.3d 511, 516-17 (6th Cir. 2014).

However, "'an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.'" *Hodges*, 727 F.3d at 530 (quoting *Edwards,* 529 U.S. at 453). Additionally, "a petitioner is required to exhaust his cause ground in state court." *Williams v. Lazaroff*, 648 Fed.Appx. 548, 553 (6th Cir. 2016)(citing *Edwards,* at 452). Accordingly, the petitioner must present to the state courts his claim of ineffective assistance of counsel based on the alleged failure to advise him of the deadline for instituting post conviction proceedings. *Id*. In the case presently before this Court, although Petitioner states that he "brought this issue to the attention of the appellate court" *Reply* (Doc. 8, PageID# 438), the record does not support that statement. In other words, the record does not establish that Petitioner ever presented to the state courts his claim that counsel performed in a constitutionally ineffective manner by failing to advise him of the time limits governing post conviction proceedings. Petitioner did not raise the issue in Rule 26(B) proceedings, and it does not appear that he asserted this claim as cause for the untimely filing of his petition for post conviction relief. *See Williams v. Lazaroff*, 648 Fed.Appx. 548, 553 (in Ohio, a claim that appellate counsel was ineffective with respect to advising a client about post-

conviction proceedings is properly raised by way of an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B)) (citing *Gunner*, 749 F.3d at 515 (noting that Gunner argued in his Rule 26(B) application that appellate counsel had been ineffective for failing to advise him on the time limit for state post-conviction relief)).

> Petitioner is unable to establish cause because he has never presented this claim of the denial of the effective assistance of counsel to the state courts. *See Andrews v. Warden*, No. 1:13-cv-727, 2014 WL 10435020, at *17 (S.D. Ohio Oct. 27, 2014)(noting that "[a] claim that is itself procedurally defaulted cannot be used as cause to excuse another procedurally defaulted claim.") (citing *Goldberg v. Money*, 692 F.3d 534, 537 (6th Cir. 2012)) (citing *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)(other citations omitted)). "'[A] claim of ineffective assistance'," . . . generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards v. Carpenter*, 529 U.S. at 452 (quoting *Murray v. Carrier,* 477 U.S. at 489)(recognizing that the principles of comity and federalism that underlie the exhaustion doctrine require that a claim of the denial of the effective assistance of counsel asserted as cause for a procedural default must first be raised in state court.)

*Foster v. Brunsman*, No. 2:09-cv-00214, 2016 WL 2963425, at 2 (S.D. Ohio May 20, 2016). Consequently, Petitioner cannot use the alleged failure of his appellate counsel to advise him of the time limits for filing a post-conviction action as cause to excuse his procedural default in failing to timely institute post-conviction proceedings. *See Johnson v. Turner,* No. 2:14-cv-01908, 2017 WL 2633188, at *4-5 (S.D. Ohio June 19, 2017) (same); *Foster,* 2016 WL 2963425, at *2 (same). Moreover, the record does not reflect that Petitioner is actually innocent such that he may nonetheless obtain a merits review of his procedurally defaulted claims. *See Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as procedurally defaulted.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                          *s/ Norah McCann King*
                                          Norah McCann King
                                          United States Magistrate Judge

December 20, 2017