IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY A. SCOTT,

    Petitioner,

v.

    Case No. 2:17-cv-0053
    JUDGE ALGENON L. MARBLEY
    Magistrate Judge King

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

    Respondent.

## OPINION AND ORDER

On December 20, 2017, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as procedurally defaulted. *Report and Recommendation* (ECF No. 9). Petitioner has objected to that recommendation. *Objection* (ECF No. 10). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de no*vo review. For the reasons that follow, Petitioner's *Objection* (ECF No. 10) is **OVERRULED**. The *Report and Recommendation* (ECF No. 9) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT** of dismissal.

This case involves Petitioner's April 30, 2013, convictions pursuant to his *Alford* plea in the Licking County Court of Common Pleas on charges of possession of cocaine, attempted murder, felonious assault, trafficking in cocaine, possession of drug paraphernalia, and having weapons while under a disability. As his sole ground for relief asserted in this action, Petitioner claims that his *Alford* plea was based on incorrect legal advice and was therefore not knowing, intelligent, or voluntary. According to Petitioner, he did not know that, by entry of his plea of no

contest to the charges, he would be waiving his right to challenge the alleged denial of his right to a speedy trial and to raise other claims on appeal, *i.e.*, that his convictions were against the manifest weight of the evidence and that the evidence was constitutionally insufficient to sustain his convictions on direct appeal. As noted *supra*, the Magistrate Judge recommended dismissal of Petitioner's claim as procedurally defaulted.

In his objections, Petitioner concedes that his post conviction petition, in which he asserted the ineffective assistance of his trial counsel, was untimely under O.R.C. § 2953.21. *Objection* (ECF No. 10, PageID# 458). However, Petitioner contends that fundamental fairness requires consideration of the merits of his claim despite this procedural default because the claim is meritorious. This argument is not persuasive.

Petitioner procedurally defaulted his claim regarding off-the-record advice from his trial attorney by failing to raise the issue in a timely petition for post conviction relief. *See Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014). Moreover, Petitioner has failed to establish cause for this procedural default. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). The record likewise does not indicate that Petitioner can establish that he is actually innocent or the victim of a manifest miscarriage of justice so as to permit consideration of his procedurally defaulted claim on the merits. *Id.* at 495-96. *See also Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

For these reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 10) is **OVERRULED**. The *Report and Recommendation* (ECF No. 9) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as procedurally defaulted.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In

contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

Where, as here, a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claim as procedurally defaulted. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
United States District Judge

3